# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF COLORADO

Case No. 15-CV-00411-RBJ

**ROBERTA CHAVEZ,**

    Plaintiff,

v.

**ADAMS COUNTY SCHOOL DISTRICT NO. 50,**

    Defendant.

---

## AMENDED COMPLAINT AND JURY DEMAND

---

The Plaintiff, Roberta Chavez, by and through her attorney, Brooke M. Copass of the Colorado Education Association, hereby complains against the Defendant as follows:

### NATURE OF THE ACTION

This action is brought to redress the Defendant's violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 – 634, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e – 2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12117.  Specifically, the Plaintiff alleges that the Defendant created a hostile work environment based on Plaintiff's age, national origin, and disability, retaliated against Plaintiff for filing a charge of national origin, age, and disability discrimination with the United States Equal Employment Opportunity Commission on June 28, 2012 by rating Plaintiff's performance as "Unsatisfactory" and disciplining her, and retaliated against Plaintiff to filing a charge of retaliation with the United States Equal Employment

Opportunity Commission on July 30, 2013 by involuntarily transferring Plaintiff and constructively discharging her from her employment, all in violation of the ADEA, Title VII, and the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. § 1331.

2. The Defendant is located, the Plaintiff resides, and the events and omissions giving rise to the claims asserted herein occurred in the State of Colorado.  Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The allegations set forth in paragraphs 1 through 2 of this Complaint and Jury Demand are incorporated herein by reference.

4. The Plaintiff, Roberta Chavez ("Ms. Chavez"), is a resident of Westminster, Colorado.  She was born on February 16, 1958 and is currently 57 years old.  Ms. Chavez is of Hispanic national origin.  At times relevant to this matter, Ms. Chavez has weighed between 290 and 320 pounds and has suffered from Major Recurrent Depression and Panic Disorder.  Ms. Chavez was employed by the Defendant from 1991 until 2014.

5. The Defendant, Adams County School District No. 50 ("School District" or "District"), is a Colorado public school district duly constituted and existing pursuant to applicable Colorado laws.  The Defendant's schools are located in Denver, Westminster, and Arvada, Colorado.  The Defendant's offices are located in Westminster, Colorado.

## ADMINISTRATIVE PROCESS

6. The allegations set forth in paragraphs 1 through 5 of the Complaint and Jury Demand are incorporated herein by reference.

7. On June 28, 2012, Ms. Chavez timely filed a charge of national origin, age, and disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 846-2012-47377 ("2012 Charge").

8. On July 30, 2013, Ms. Chavez timely filed a second charge of discrimination based on retaliation with the EEOC, Charge No. 541-2013-01988 ("2013 Charge").

9. On April 22, 2014, Ms. Chavez timely filed a third charge of discrimination based on retaliation with the EEOC, Charge No. 541-2014-01224 ("2014 Charge").

10. On December 2, 2014, Ms. Chavez received a Notice of Right to Sue for all three (3) charges of discrimination pursuant to 29 U.S.C. § 626(e) and 42 U.S.C. § 2000e-5(f)(1). The notice gave Ms. Chavez the right to institute a civil action in federal court under the ADEA, Title VII, and the ADA within ninety (90) days of her receipt of the notice.

11. All administrative prerequisites to filing this action have been met.

## GENERAL ALLEGATIONS

12. The allegations set forth in paragraphs 1 through 11 of the Complaint and Jury Demand are incorporated herein by reference.

13. Ms. Chavez was hired by the District in 1991 in a food service position.

14. In or about 1997, Ms. Chavez applied for and was selected for a position as a preschool instruction assistant, also known as an Instructional Educational Support Professional ("ESP"), at the District's Early Childhood Center in Gregory Hill Elementary School ("ECC").

15. Prior to the 2006-2007 school year, Mr. Aubuchon asked Ms. Katie Oliver, a teacher at ECC who was approximately 21 years old at the time, whether working with Ms. Chavez would be difficult because it would be like "bossing her mother around."

16. For the 2007-2008 school year, Ms. Chavez was assigned to work with a lead teacher whose class consisted exclusively of three (3) year-old children.

17. From the 2008-2009 school year until February 2014, Ms. Chavez was assigned to work with lead teachers whose classes consisted of three (3) and four (4) year-old children.

18. During the 2008-2009 school year, Ms. Chavez's performance was rated as "Solid Performer."

19. From January 22, 2010 until April 19, 2010, Ms. Chavez took leave under the Family and Medical Leave Act ("FMLA") as a result of depression, anxiety, and panic attacks she was suffering.

20. During the 2010-2011 school year, Ms. Chavez's performance was rated as "Superior."

21. From November 2, 2011 until December 5, 2011, Ms. Chavez again took FMLA leave due to Major Recurrent Depression and Panic Disorder.

22. In or about December 2011, Ms. Charlene Wright, Ms. Chavez's lead teacher, stated to Ms. Chavez, "You don't need to sit on the floor because it is probably too hard for you to get yourself up."

23. In or about February and/or March 2012, Ms. Wright stated to Ms. Chavez on multiple occasions, "You don't eat much to have weight issues, probably a slow metabolism."

24. In March 2012, Ms. Chavez was taking children to the school bus when she realized that she had forgotten a backpack. Ms. Chavez rushed back to the classroom, followed

by Ms. Wright, who was unable to catch up to Ms. Chavez.  Ms. Wright stated to Ms. Chavez, "For being so big, you sure are fast."

25. On March 14, 2012, Ms. Wright and Ms. Kate Beyer, ECC Speech Therapist, attempted to create a situation in which it appeared that Ms. Chavez was not performing her duties by not assisting Ms. Wright with students in the gym.  Although Ms. Chavez was not required to be in the gym with Ms. Wright and the students, Ms. Wright and/or Ms. Beyer reported that Ms. Chavez was required to do so to Ms. Tami Brungard, ECC Assistant Principal.

26. On April 2, 2012, Ms. Wright falsely reported to ECC administration that Ms. Chavez sent Ms. Wright a hostile text message over spring break.

27. In April 2012, when Ms. Chavez expressed interest in a position at a middle school, Ms. Wright asked Ms. Chavez, "Can you do all that walking?"

28. In approximately April 2012, Ms. Brungard informed Ms. Chavez that she would not be assigned to Ms. Wright's classroom during the 2012-2013 school year because Ms. Wright's class would consist exclusively of three (3) year-old children.  When asked why, Ms. Brungard stated that three (3) year-old children are rambunctious, which would require Ms. Chavez to be constantly running around and on the floor.

29. At the end of the 2011-2012 school year, Ms. Wright falsely reported to ECC administration that Ms. Chavez stole school property.

30. In or about May 2012, on the last day of the 2011-2012 school year, Ms. Chavez attended a Principals Advisory Committee ("PAC") meeting where Ms. Brungard again informed Ms. Chavez that Ms. Chavez would not be allowed to work with classes containing only three (3) year-old children.  During the PAC meeting, Ms. Chavez complained to Ms. Brungard that the refusal to assign Ms. Chavez to a class containing only three (3) year-old

children was discrimination, but Ms. Brungard did not address Ms. Chavez's comment in any manner.

31. In May 2012, Ms. Brungard provided Ms. Chavez with a list of teachers who would be teaching classes that consisted of three (3) year-old and four (4) year-old children; no teacher on the list was assigned a class containing only three (3) year-old children.

32. At the end of the 2011-2012 school-year, Ms. Chavez asked Mr. Aubuchon if she could transfer to another school in the District or take early retirement because of depression, anxiety, and stress she was experiencing as a result of her above-described treatment at ECC. In response, Mr. Aubuchon informed Ms. Chavez that he could not help her with a transfer or early retirement, but that Ms. Chavez could apply to another school district.

33. In June 2012, Ms. Chavez spoke to Ms. Brungard and Mr. Aubuchon and informed both of them about the above-described comments made by Ms. Wright relating to Ms. Chavez's weight and age.

34. District Policy AC-R - NonDiscrimination Opportunity Complaint and Compliance Process, states that all reports of discrimination and/or harassment made to "teachers, counselors, principals, or other district employees shall be promptly forwarded to the compliance officer." Neither Ms. Brungard nor Mr. Aubuchon forwarded Ms. Chavez's complaints of discrimination and harassment to the District's compliance offer.

35. On June 28, 2012, Ms. Chavez timely filed her 2012 Charge with the EEOC, alleging national origin, age, and disability discrimination.

36. For the 2012-2013 school year, Ms. Chavez was assigned to work with teacher Ms. Charito Landeo's class, which contained three (3) year-old and four (4) year-old children.

37. On July 5, 2012, Ms. Chavez's 2012 EEOC Complaint was provided to the District.

38. On October 19, 2012, Ms. Chavez received her work calendar for the 2012-2013 school year. Her work assignment was for 37.5 hours per week.

39. On November 5, 2012, Ms. Brungard sent Ms. Chavez written warning, via email, stating that Ms. Chavez had exceeded her 37.5 work hours during the week of October 29, 2012.

40. On November 26, 2012, Ms. Brungard gave Ms. Chavez a written disciplinary document for the same incident of exceeding her work hours the week of October 29, 2012, i.e., a Memorandum of Understanding ("MOU") stating the District's expectation that Ms. Chavez would not work more than her assigned work hours in any given week.

41. On January 18, 2013, the District provided all ECC Instructional ESP employees, including Ms. Chavez, a memo directing the employees to comply with their assigned work hours. The memo informed the employees that if they worked more than 15 minutes beyond their assigned work hours, they would be subject to discipline. For the first violation, the employee would receive a written warning. After the second violation, the employee would receive an MOU. If the employee were to violate this policy a third time, the District's Human Resources office would take action.

42. In or about January and February 2013, Ms. Landeo asked Ms. Chavez if she is able to get on top of her husband during sex.

43. After the comment made by Ms. Landeo to Ms. Chavez in or about January and February 2013, Ms. Chavez reported the comment to Ms. Brungard.

44. In or about March 2013, Ms. Landeo asked Ms. Chavez how her and her husband have sex.

45.     On March 1, 2013, Ms. Chavez filed with the EEOC a Rebuttal in response to the District's January 2013 Position Statement.  Within the Rebuttal, Ms. Chavez made extensive allegations of age, national origin, and disability discrimination that created a hostile work environment at ECC.

46.     On March 11, 2013, Ms. Brungard sent Ms. Chavez a written warning, via e-mail, stating that Ms. Chavez had exceeded her assigned work hours for the week of March 4, 2013 by 30 minutes.

47.     On March 14, 2013, Ms. Brungard gave Ms. Chavez a second disciplinary document for the same incident of working beyond her weekly work hours during the week of March 4, 2013, i.e., a Letter of Reprimand.  The Letter also alleged that Ms. Chavez exceeded 37.5 hours in a given work week ten (10) times "to date."

48.     On May 3, 2013, Ms. Brungard gave Ms. Chavez with an amended version of the March 14, 2013 Letter of Reprimand, directing Ms. Chavez that she was to use the electronic time clock to keep track of her weekly hours.

49.     Upon information and belief, other ECC Instructional ESP staff members also exceeded their assigned weekly work hours in violation of District policy, but were not similarly disciplined.

50.     On May 17, 2013, Ms. Brungard gave Ms. Chavez her 2012-2013 school year performance evaluation.  Ms. Brungard rated Ms. Chavez's overall performance as "Unsatisfactory."  Ms. Brungard's May 17, 2013 performance evaluation of Ms. Chavez grossly misrepresents her performance, is in accurate, and contains conflicting information.

51.     On July 30, 2013, Ms. Chavez timely filed her 2013 Charge with the EEOC, claiming that the District had retaliated against her for filing her 2012 Charge.

52. On February 13, 2014, Ms. Chavez was notified by the District that she was being involuntarily transferred from ECC to Hodgkins Elementary School. Mr. John Whetzel, Ms. Chavez's local union representative, was informed by the District's administration that Ms. Chavez was the first of many employees to be transferred. However, upon information and belief, no other employees were transferred.

53. On February 19, 2014, Ms. Chavez's first day at Hodgkins Elementary School, she went into the front office and asked the employee at the front desk where she was to clock in. This employee told Ms. Chavez that she would clock Ms. Chavez in, and Ms. Chavez provided her ID number to this employee.

54. At the end of the school day on February 19, 2014, Ms. Chavez and the paraprofessional in the room in which Ms. Chavez was working in, set up a computer so Ms. Chavez could clock out and she did so.

55. On February 28, 2014, the District placed Ms. Chavez on paid administrative leave for allegedly not clocking in correctly on February 19, 2014. Kirk Leday, the District's Chief Human Resources Officer, provided a written memorandum stating that Ms. Chavez "failed to clock in or out using the Time Clock system on February 19, 2014, as previously directed."

56. Mr. Leday informed Mr. Whetzel that Ms. Chavez's employment was going to be terminated. As a result, on March 13, 2014, Ms. Chavez submitted a Letter of Resignation, effective March 27, 2014 and was constructively discharged from her employment.

### FIRST CLAIM FOR RELIEF
### (Hostile Work Environment Based On Age In Violation Of Age Discrimination In Employment Act ("ADEA"))

57. The allegations set forth in paragraphs 1 through 56 of the Complaint and Jury Demand are incorporated herein by reference.

58. At all times relevant to this case, Chavez has been at least 40 years of age and therefore protected by the provisions of the ADEA, 29 U.S.C. §§ 621 – 634.

59. At all times relevant to this case, the Defendant was an "employer" within the meaning of that term as used in the ADEA, 29 U.S.C. § 630(b).

60. The Defendant violated the ADEA when it created a hostile work environment for Ms. Chavez on the basis of her age by taking, inter alia, the above actions described in paragraphs 15, 22, 25- 27, 29, 34, and 42-44 of this Complaint and Jury Demand.

### SECOND CLAIM FOR RELIEF
### (Hostile Work Environment Based On Disability In Violation Of Americans With Disabilities Act Of 1990 ("ADA"))

61. The allegations set forth in paragraphs 1 through 60 of the Complaint and Jury Demand are incorporated herein by reference.

62. At all times relevant to this case, Ms. Chavez has been obese and has suffered from Major Recurrent Depression and Panic Disorder, and she therefore is protected by the provisions of the ADA, 42 U.S.C. §§ 12101 – 12117.

63. At all times relevant to this case, the Defendant was an "employer" within the meaning of that term as used in the ADA, 42 U.S.C. § 12111(5).

64. The Defendant violated the ADA when it created a hostile work environment for Ms. Chavez on the basis of her disability by taking, inter alia, the above actions described in paragraphs 22-34, 42-44 of this Complaint and Jury Demand.

### THIRD CLAIM FOR RELIEF
### (Failure To Accommodate In Violation Of
### Americans With Disabilities Act Of 1990 ("ADA"))

65. The allegations set forth in paragraphs 1 through 64 of the Complaint and Jury Demand are incorporated herein by reference.

66. At all times relevant to this case, Ms. Chavez has been obese and has suffered from Major Recurrent Depression and Panic Disorder, and she therefore is protected by the provisions of the ADA, 42 U.S.C. §§ 12101 – 12117.

67. At all times relevant to this case, the Defendant was an "employer" within the meaning of that term as used in the ADA, 42 U.S.C. § 12111(5).

68. The Defendant violated the ADA when it failed to reasonably accommodate Ms. Chavez by taking reasonable steps to transfer Ms. Chavez as described in paragraph 32 of this Complaint and Jury Demand.

### FOURTH CLAIM FOR RELIEF
### (Retaliation For Filing Charge Of Discrimination In Violation Of Age Discrimination In Employment Act ("ADEA")), Title VII Of Civil Rights Act Of 1964 ("Title VII")), And Americans With Disabilities Act Of 1990 ("ADA"))

69. The allegations set forth in paragraphs 1 through 68 of the Complaint and Jury Demand are incorporated herein by reference.

70. On June 28, 2012, Ms. Chavez filed a charge of age, national origin, and disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") ("2012 Charge"), a protected action under the provisions of the ADEA, specifically, 29 U.S.C. § 623(d), Title VII, specifically, 42 U.S.C. §2000e-3(a), and the ADA, specifically, 42 U.S.C. § 12203(a).

71.     At all times relevant to this case, the Defendant was an "employer" within the meaning of that term as used in the ADEA, 29 U.S.C. § 630(b), Title VII, specifically, 42 U.S.C. § 2000e-3(a), and the ADA, specifically, 42 U.S.C. § 12203(a).

72.     The Defendant violated the ADEA, Title VII, and the ADA when it retaliated against Ms. Chavez for filing a charge of age discrimination with the EEOC by rating Ms. Chavez's performance for the 2012-2013 school year as "Unsatisfactory" and disciplining her for allegedly exceeding her assigned work hours.

### FIFTH CLAIM FOR RELIEF
### (Retaliation For Filing Charge Of Discrimination In Violation Of The Age Discrimination Employment Act ("ADEA")), Title VII Of Civil Rights Act Of 1964 ("Title VII")), And Americans With Disabilities Act Of 1990 ("ADA"))

73.     The allegations set forth in paragraphs 1 through 72 of the Complaint and Jury Demand are incorporated herein by reference.

74.     On July 30, 2013, Ms. Chavez filed a charge of retaliation with the United States Equal Employment Opportunity Commission ("EEOC") ("2013 Charge"), a protected action under the provisions of the ADEA, specifically, 29 U.S.C. § 623(d), Title VII, specifically, 42 U.S.C. § 2000e-3(a), and the ADA, specifically, 42 U.S.C. § 12203(a).

75.     At all times relevant to this case, the Defendant was an "employer" within the meaning of that term as used in the ADEA, 29 U.S.C. § 630(b), Title VII, specifically, 42 U.S.C. § 2000e-3(a), and the ADA, specifically, 42 U.S.C. § 12203(a).

76.     The Defendant violated the ADEA, Title VII, and the ADA when it retaliated against Ms. Chavez for filing a charge of retaliation involuntarily transferring Ms. Chavez and constructively discharging her from her employment.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Ms. Roberta Chavez, respectfully requests that this Court:

1. Enter judgment in favor of Ms. Chavez against the Defendant on all of Ms. Chavez's claims for relief;

2. Award monetary damages for all injuries suffered by the Ms. Chavez in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits and emotional distress/suffering;

3. Award pre-judgment and post-judgment interest;

4. Award costs and reasonable attorney fees; and

5. Award such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands that all issues in this action so triable be tried to a jury.

DATED this 1st day of May, 2015.

Respectfully submitted,

/s/ Brooke M. Copass
Brooke M. Copass, Esq.
Attorney for Plaintiff
Colorado Education Association
1500 Grant Street
Denver, Colorado 80203
Telephone: 303-837-1500
Facsimile: 303-861-2039
Email: bcopass@coloradoea.org

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of May, 2015, a true and correct copy of the foregoing **AMENDED COMPLAINT AND JURY DEMAND** was electronically filed with service requested as follows:

M. Brent Case, Esq.
Mary Gray, Esq.
Attorneys for the Defendant
Semple, Farrington and Everall, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203

                                                /s/ Bridget Calip
                                                Bridget Calip